UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :

**SARAHI MEDINA,**                                   **MEMORANDUM**
                                              :                **OPINION AND ORDER**

            **Plaintiff,**

                                              :                **07 Civ. 1825 (SAS)**

    - against -

                                              :

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                                              :

            **Defendant.**
------------------------------------------------------------X
**SHIRA A. SCHEINDLIN, U.S.D.J.:**

          Sarahi Medina, proceeding pro se, brings this action under section 205(g) of the Social Security Act (the "Act"),[1] to review a final determination of the Commissioner of Social Security (the "Commissioner") denying Medina's application for Supplemental Security Income ("SSI") benefits based on disability.[2] The evidence, which is contained in the transcript of the administrative record filed by the Commissioner as part of his answer, has been summarized by

---

[1]     *See* 42 U.S.C. § 405(g).

[2]     Medina claims she is disabled due to asthma, diabetes, hypertension, pulmonary embolism, and heart palpitations.

1

the Administrative Law Judge in his decision denying benefits.[3] In denying SSI benefits, the ALJ determined that Medina has the residual functional capacity to perform her past relevant work as a pastry sampler and medical assistant,[4] both of which are classified as light work.[5] The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Medina's request for review.

The Commissioner has made a motion for judgment on the pleadings wherein he argues that the decision finding Medina not disabled is supported by substantial evidence and should be affirmed. Medina did not oppose this motion

---

[3] *See* Transcript of the Administrative Record ("Tr.") filed as part of the Commissioner's Answer pursuant to 42 U.S.C. § 405(g) at 15-19.

[4] *See* Tr. at 17. Medina last worked in December 2003, when her seasonal job at a pastry shop ended. *See id.* at 55, 487.

[5] According to the physical exertion requirements of the Social Security Administration:
> Light work requires lifting no more than twenty pounds at a time, with frequent lifting and carrying objects weighing up to ten pounds. Even though the weight lifting may be very little, a job is in the light category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 416.967(b). Here, for example, Medina indicates that her past work as a medical assistant was done mostly while standing and required lifting up to five pounds. *See* Tr. at 489.

2

despite being ordered to do so by this Court.[6]

When examining the ALJ's decision in a disability benefits case, "'[i]t is not our function to determine *de novo* whether [plaintiff] is disabled.'"[7] A district court must not disturb the Commissioner's final decision if "correct legal standards were applied" and "substantial evidence supports the decision."[8] "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[9] "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."[10] "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the

---

[6] *See* 1/4/08 Order directing plaintiff to submit papers in opposition to defendant's motion by February 1, 2008.

[7] *Schaal v. Apfel,* 134 F.3d 496, 50 (2d Cir. 1998) (quoting *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996)). *Accord Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir. 2004).

[8] *Butts v. Barnhart,* 388 F.3d 377, 384 (2d Cir. 2004). *Accord Halloran,* 362 F.3d at 31.

[9] *Halloran,* 362 F.3d at 31 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). *Accord Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

[10] *Veino,* 312 F.3d at 586. *Accord Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir. 1982).

3

entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."[11] "[E]ven if there is also substantial evidence for the plaintiff's position," if substantial evidence exists to support the Commissioner's decision, the decision must be affirmed.[12] "Reversal and entry of judgment for the claimant is appropriate only when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."[13]

Medina complained of debilitating asthma.[14] From the time of Medina's alleged onset of disability on December 1, 2003,[15] her medical records

---

[11] *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999).

[12] *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). *Accord Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990); *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1982). Moreover, the Commissioner's findings of fact, as well as the inferences and conclusions drawn from those findings, are conclusive even in cases where a reviewing court's independent analysis of the evidence might differ from the Commissioner's analysis. *See Rutherford*, 685 F.2d at 62.

[13] *Pimentel v. Barnhart*, No. 04 Civ. 3769, 2006 WL 2013015, at *8 (S.D.N.Y. July 19, 2006) (quotation marks and citation omitted). *Accord Butts*, 388 F.3d at 386.

[14] *See* Tr. at 18.

[15] *See id.* at 48.

4

show four asthma attacks.[16] Due to Medina's asthma condition, the ALJ placed certain environmental restrictions on the type of work Medina could perform.[17] Such restrictions include avoiding concentrated exposure to dust, gases, fumes and environmental irritants.[18] However, as Medina testified, and her medical records reflect, her asthma is controlled with medication.[19]

The ALJ noted that while Medina complains of complications associated with diabetes, the objective medical findings in the record are minimal and there is no evidence of retinopathy, nephropathy, or peripheral neuropathy.[20] While her diabetes has been described as poorly controlled; there are indications

---

[16] *See id.* at 295 (December 2004), 277-80 (May 2005), 307-08 (June 2005), 319 (March 2006).

[17] *See id.* at 17.

[18] *See id.*

[19] *See id.* at 497 (Medina testified that her asthma is controlled by medication), 273-74 (on a May 23, 2005 follow-up visit at Mount Sinai Medical Center ("Mt. Sinai"), her examining physician indicated that her asthma was controlled by Prednisone, although she was instructed to decrease the dosage), 301 (on a June 9, 2005 follow-up visit at Mt. Sinai, her examining physician indicated that her asthma was controlled and her Prednisone could be decreased), 318 (on a March 16, 2006 follow-up visit at Mt. Sinai, Medina reported that she was feeling better on Prednisone and also indicated that she had not used her inhaler medication), 353 (on an April 4, 2006 visit to Mt. Sinai to refill her medication, she indicated that she was feeling well).

[20] *See id.* at 18.

of noncompliance with dietary requirements.[21]

Medina further complained of hypertension, pulmonary embolism and heart palpitations.[22] The record indicates that she takes medication that controls her hypertension and there is no evidence of organ damage as a result of her condition.[23] Medina had a history of pulmonary embolism, the last of which occurred in Spring of 2004; however she is currently treated with an anticoagulant.[24] In addition, on February 1, 2005, a VQ or pulmonary ventilation/perfusion scan[25] was performed, which ruled out a recurring pulmonary embolism.[26] As for her heart palpitations, her treating physician indicated that this symptom was related to her improper use of asthma medication, rather than any

---

[21] *See id.*

[22] *See id.* at 18-19.

[23] *See id.* at 18.

[24] *See id.*

[25] A pulmonary ventilation/perfusion scan is a pair of nuclear tests. These tests use inhaled and injected radioactive material to measure breathing and circulation in all areas of the lungs. This test is most often performed to detect a pulmonary embolus. Medline at: http://www.nlm.nih.gov/medlineplus/ency/article/003828.htm.

[26] *See* Tr. at 18-19.

6

underlying condition, and she was instructed to reduce her medication intake.[27]

Accordingly, the Commissioner's decision denying Medina benefits is found to be supported by substantial evidence and is hereby affirmed. The Clerk of the Court is directed to close defendant's motion [Document # 9] and close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:	New York, New York
	February 26, 2008

---

[27] *See id.* at 19.

## -Appearances-

**Plaintiff (Pro Se):**

Sarahi Medina
674 East 149th Street, Apt. #19H
Bronx, New York 10455
(718) 401-2961

**For Defendant:**

John E. Gura, Jr.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2713